Filed 8/31/22  In re S.K. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.K., a Person Coming Under the Juvenile Court Law. | H049837 (Santa Cruz County Super. Ct. No. 21JU0014) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. C.C., et al., Defendants and Appellants. | |

**MEMORANDUM OPINION[1]**

Appellants, C.C. and N.K., appeal from an order terminating their parental rights as to S.K.  The sole issue raised on appeal is that the Santa Cruz County Human Services Department (the Department) and the juvenile court failed to comply with their duty of inquiry under the Indian Child Welfare Act (ICWA).  (Welf. & Inst. Code, § 224.2[2]; 25 U.S.C. § 1901 et seq.)  The Department concedes that the inquiry was insufficient and

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

concedes that the matter should be reversed and remanded for further inquiry as to whether ICWA applies to C.C., but contends there has been no miscarriage of justice with respect to N.K. We conclude that the Department's investigation was prejudicially insufficient and reverse and remand for the limited purpose of assuring compliance with ICWA.

Shortly after S.K.'s birth, the Department received a report of general neglect. After completing an investigation, the Department filed a section 300 petition alleging that C.C. and N.K. abused controlled substances and that this negatively impacted their ability to provide safe and appropriate care for S.K. At the detention hearing, N.K. reported having no known Indian ancestry and the court found ICWA did not apply as to him. C.C. reported having taken a DNA test that indicated she was 6 percent Native American but did not specify a tribe. C.C. and N.K. each filed Parental Notification of Indian Status forms consistent with these statements. C.C. also informed the Department that her deceased great-grandfather appeared Native American.

The Department contacted several of C.C.'s relatives regarding potential Indian ancestry. C.C.'s mother reported that C.C.'s great-grandfather might have had indigenous ancestry from Mexico. C.C.'s great-grandmother reported that C.C.'s great-grandfather had mentioned his family had Native American ancestry but was unsure of the tribe. A maternal cousin three times removed reported being 17 percent Native American according to a DNA test but did not identify a specific tribe. Finally, C.C.'s great-aunt reported believing that her brother, C.C.'s great-uncle, had received healthcare from an Indian healthcare center while residing there.

Because no specific tribe had been identified, the Department sent an ICWA notice outlining C.C.'s ICWA family history to the Bureau of Indian Affairs (BIA). The BIA responded that the notice contained insufficient information to determine tribal affiliation. The Department made no further inquiry regarding possible Indian ancestry.

Subsequently, at the section 366.26 selection and implementation hearing, the juvenile court found there was no reason to know or believe S.K. was an Indian child and that ICWA did not apply.  The juvenile court terminated C.C. and N.K.'s parental rights and ordered adoption by the maternal grandparents as the permanent plan.  C.C. and N.K. timely appealed the juvenile court's order.  On appeal, C.C. and N.K. contend that the juvenile court's order terminating parental rights must be reversed and the matter remanded to the juvenile court because the court failed to ensure compliance with ICWA.  They argue that the Department's failure to ask C.C.'s great-uncle and any of N.K.'s extended family members about potential Indian ancestry violated ICWA and that the juvenile court erred in determining that ICWA did not apply.  The Department requests that this court apply the standard for reversal set forth in *In re Dezi C.*, under which a deficient inquiry is deemed harmless unless the record suggests a reason to believe that a child may be an Indian child.  (*In re Dezi C.* (2022) 79 Cal.App.5th 769.)  The Department concedes that its investigation was insufficient but contends that the court's order should be reversed only as it applies to C.C., and that the error as it applies to N.K. is harmless.

"We review the juvenile court's ICWA findings for substantial evidence."  (*In re I.F.* (2022) 77 Cal.App.5th 152, 162-163.)  Where, as here, the facts are undisputed, we independently review whether ICWA's requirements have been satisfied.  (*Ibid.*)  Where we determine that there has been noncompliance with ICWA's inquiry and notice provisions, we may reverse and order a limited remand "to effect compliance with the ICWA."  (*In re Veronica G.* (2007) 157 Cal.App.4th 179, 187.)

In the dependency context, ICWA imposes on the court and the social worker "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child."  (§ 224.2, subd. (a); see also Cal. Rules of Court, rule 5.481(a).)  Such inquiry "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party

3

reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).) Extended family members include the child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

The facts on appeal are undisputed. The parties agree that N.K. reported having no known Indian ancestry and C.C. reported likely having Indian ancestry. The parties further agree that the Department made ICWA inquiries of several maternal family members but did not contact C.C.'s great-uncle and did not make ICWA inquiries of any of N.K.'s extended family members. The juvenile court concluded in February 2022 that there was no reason to know or believe that S.K. is an Indian child and that ICWA applied in her case. On appeal, C.C. and N.K. contend that the Department should have inquired of C.C.'s great-uncle and N.K.'s extended family members about S.K.'s potential Indian ancestry.

As to C.C., the Department correctly concedes that it failed to satisfy its duty of inquiry under ICWA. The Department received the name and contact information for C.C.'s great-uncle who may have received medical care from an Indian healthcare center, suggesting that he may have a connection to an Indian tribe. Several of C.C.'s extended family members also reported potential Indian ancestry but were unable to identify a specific tribe. The Department did not contact C.C.'s great-uncle or any family members other than those noted above, but given this consistent thread, the Department should have conducted further inquiry. It is foreseeable that contacting C.C.'s great-uncle and potentially other extended family members may yield additional information about whether S.K. is, or may be, an Indian child. (*In re I.F.*, *supra*, 77 Cal.App.5th at pp. 163-164.) As to N.K., the Department also concedes that its inquiry was deficient, but argues that any deficiency was harmless and does not support reversal. Courts have applied varying standards to this type of error. Some courts hold that a deficient ICWA inquiry

4

mandates reversal, others adopt a harmless error approach. A third category strikes a balance somewhere in the middle. (See *In re Dezi C.*, *supra*, 79 Cal.App.5th at pp. 777-778.) The Department urges this court to adopt one of these middle standards, recently proposed by the Second District Court of Appeal, in which a failure to conduct an adequate ICWA inquiry is deemed harmless unless the record suggests a reason to believe that a child may be an Indian child such that the failure to conduct the appropriate inquiry prejudiced the court's ICWA finding. (*Id.* at pp. 778-779.)

Even if we were to adopt the standard the Department proposes, we conclude that the failure to conduct *any* inquiry with N.K.'s family regarding potential Indian ancestry was not harmless. Here, the Department interviewed N.K.'s mother, who regularly provided care for S.K., but did not ask her about potential Indian ancestry. Nor did the Department contact N.K.'s brother or father who also lived in California. Making no inquiry at all with available family members cannot be deemed harmless because if the Department has not made inquiry with readily available family, the record does not suggest that N.K.'s family has no Indian ancestry. (*In re N.G.* (2018) 27 Cal.App.5th 474, 484 [absent a record affirmatively showing efforts by the court and agency to comply with ICWA's inquiry and notice requirements, error under the ICWA deemed prejudicial].) Since the Department's ICWA inquiry was insufficient as to both parents, we reverse and remand this matter for the limited purpose of assuring compliance with ICWA.

**DISPOSITION**

The juvenile court's order terminating parental rights is reversed. The matter is remanded to the juvenile court to allow the Department to conduct further inquiry regarding S.K.'s Indian ancestry pursuant to ICWA consistent with this opinion. If, after further inquiry, the juvenile court determines that S.K. is not an Indian child and ICWA does not apply, the court shall reinstate the order terminating C.C.'s and N.K.'s parental rights. (§ 224.2, subd. (i)(2); Cal. Rules of Court, rule 5.481(b)(3)(A)–(C).)

5

_____
                Greenwood, P. J.



WE CONCUR:




_____
        Lie, J.







_____
        Wilson, J.







In re S.K., Santa Cruz County HSD v. C.C. et al.
H049837